THE SOLUBLE PACIFIC GUANO COMPANY *vs.* HARRIS.

1. It is unnecessary to decide whether the special lien of a landlord for rent takes precedence of a *bona fide* purchase without notice of the lien, the jury in the case having found that the purchase was not *bona fide* because the purchaser had notice, and that the purchase was made with a view to defeat or, at least, to postpone the lien.
2. The facts were sufficient to sustain the verdict.
3. Although on the day the distress warrant was issued, the landlord demanded of his tenant the cotton reserved for rent, and although

the latter stated to him that he had set apart and carried to the gin a sufficient quantity to meet that demand, and although, in fact, a few days subsequently, he delivered it at the place designated in the contract of rent, and subsequently delivered cotton at another place, yet where the landlord also had a claim for supplies advanced, and all the cotton delivered did not pay the demand for both rent and supplies, and the tenant gave no express direction as to the appropriation of the payments thus made to either of the demands, and when informed that they had been applied to the account for supplies, consented thereto, the landlord was under no obligation to so apply these payments as to jeopardize the collection of one of his own demands, so as to release other cotton from the lien he had fixed on it by the levy of a distress warrant; especially so as to one who, with notice, sought to defeat or postpone the collection of his claim.

December 21, 1886.

Landlord and Tenant. Debtor and Creditor. Liens. Payment. Before Judge Simmons. Meriwether Superior Court. August Term, 1885.

Reported in the decision.

John F. Methvin; G. A. Carter, for plaintiff in error.

W. W. Hardy; T. A. Atkinson, by W. Y. Atkinson, for defendant.

Hall, Justice.

One Spraggins rented land from Henry R. Harris and also became indebted to him as his landlord for supplies furnished to enable him to make his crop. The rent was reserved to be paid in cotton. After the crop grown on the land rented had matured and the landlord's special lien had attached, and before the rent or any part of the bill for the supplies furnished had been paid, the tenant carried four bales of the cotton to Senoia and sold them to the agent of the Pacific Guano Company, who had furnished him with fertilizers which were used on the rented land. The landlord alleged, and gave evidence of the fact,

that this purchase was not made in good faith, that the agent of the guano company had notice of his liens at the time he made it, and that he entered into the transaction with a view to obtain a priority over his lien contrary to the provisions of the code, §1977. A distress warrant was sued out, setting up the landlord's special lien on the matured crop, and was levied on the cotton thus sold, to which the guano company interposed its claim. The company denied notice to its agent of plaintiff's lien when the purchase was made; and insisted on the trial of the claim case that the cotton purchased of the defendant had been removed before the distress warrant was levied, and that which was seized under the levy was not the cotton grown on plaintiff's premises; that after the levy had been made, the defendant in the distress warrant turned over the cotton reserved for rent to his landlord and directed its appropriation to the payment of that debt; and that, contrary to that direction, Harris, the landlord, applied a portion of it to the extinguishment of the lien he held for supplies. In these two last questions, viz. the identity of the cotton levied on with that grown on the rented premises, and the violation of the direction to appropriate the cotton turned over to the extinguishment of the rent claim, the evidence was somewhat conflicting, but its preponderance was with the finding of the jury.

1. It is unnecessary to decide whether the special lien of a landlord for rent takes precedence of a *bona fide* purchase made without notice of the lien. In this case, the jury have found that the purchase of the cotton was not *bona fide* because the claimant had notice of the lien, and that was made with a view to defeat, or at least to postpone, the plaintiff's lien; and these being the facts, the court was right in refusing to disturb the verdict and to grant a new trial upon this ground. *Saulsbury, Respess & Co. vs. McKellar*, 59 *Ga.* 301, where this question is fully considered and definitely settled.

2. The cotton in question had been previously seized by

a general distress warrant, subsequently dismissed by the same bailiff, who made the levy under the warrant setting up the special lien, and when he first seized it, he marked it and left it in the warehouse, so as to be able to identify it before the second levy was made; these marks were ob-literated and others substituted for them.   No one had any interest in making this alteration except the claimant's agent, who seems to have had access to the cotton, for he endeavored to show that he had shipped it before the second levy; he also attempted to prove that there was a difference of one hundred and fifty or one hundred and sixty pounds in the weights of the bales first levied on and those last seized, but this discrepancy was accounted for by showing that the scales on which it was last weighed were broken and were therefore unreliable.   These were very damaging facts to his account of the matter, and the jury being right in so concluding, the court very properly refused to disturb their finding and to order a new trial upon this ground.

3. There is no doubt that the plaintiff in this distress warrant, on the day it was issued and before it was taken out, demanded of his tenant the cotton reserved for rent, and that the tenant then stated to him he had set apart and carried to the gin a sufficient quantity to meet that demand, and that he, in fact, a few days subsequently, delivered it at the place designated in the contract of rent for its delivery, and that sometime subsequent to that, he delivered other cotton at a different place; but all the cotton delivered did not pay the plaintiff's demand for both rent and supplies.   The tenant gave no express direction as to the appropriation of the payments thus made to either of the demands held by the plaintiff, and when informed how they had been appropriated he consented to the arrangement.   The plaintiff was certainly under no obligation or duty, either legal or moral, to so apply these payments as to jeopardize the collection of one of his own demands, in order that he might relieve the cotton claimed

from liability to the lien he had previously fixed on it by the levy of his distress warrant, especially as the claimant's agent had surreptitiously and fraudulently caused it to be removed from the rented premises and had by like means, as was found by the jury on the trial of this case, endeavored to put it beyond his reach and thus to wrong and injure him by depriving him of the power to utilize the security he had, by his contract, provided for the payment of his just demands. Code, §2869.

Other grounds of the motion for a new trial make immaterial questions, which need not be considered.

Judgment affirmed.